**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-41-DLB**

**RONALD FREEMAN**                                                          **PETITIONER**

**v.**                                  **MEMORANDUM OPINION AND ORDER**

**WARDEN FCI ASHLAND**                                                      **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Federal inmate Ronald Freeman has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. # 1).  The Court must screen the petition pursuant to 28 U.S.C. § 2243.[1] *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Having reviewed the petition, the Court will deny it on several independent grounds and certify that any appeal would not be taken in good faith.

In October 2020, Freeman was indicted in the Western District of Tennessee for allegedly committing multiple drug trafficking and firearms offenses.  *United States v. Freeman*, No. 2:20-CR-21069-SHL-1 (W.D. Tenn. 2020), (Doc. # 14 therein).  He later reached a plea agreement with the government to plead guilty to possession with intent

---

[1]  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Freeman's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

to distribute marijuana (a violation of 21 U.S.C. § 841(a)(1)) and possession of a firearm in furtherance of a drug trafficking crime (a violation of 18 U.S.C. 924(c)) in exchange for the dismissal of the other charges. *See* (Doc. # 45 therein). As part of his plea agreement, Freeman expressly "waive[d] and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion under 28 U.S.C. § 2255." *See id*. at 4, ¶ 6.

In July 2021, the trial court sentenced Freeman to serve sixty months on each count, to be served consecutively to one another, for a cumulative 120 month sentence. That federal sentence was ordered "to be served concurrently with the anticipated undischarged term of imprisonment is Desoto County, Mississippi Circuit Court Docket No. CR 2009-163." (Doc. # 54 therein at 3).

Post-sentencing, Freeman filed a motion under 28 U.S.C. § 2255 to challenge the constitutionality of his § 841(a) conviction, arguing that Congress could not validly proscribe trafficking in marijuana because it is not a dangerous drug. *Freeman v. United States*, No. 2: 21-CV-2656-SHL-ATC (W.D. Tenn. 2021). (Doc. # 1 therein). The trial court summarily denied relief in May 2022, holding that Freeman procedurally defaulted the claim because he did not raise it either at the trial level or on direct appeal, and because his lawyer was not ineffective for not raising the argument given the highly favorable outcome offered to him through the plea agreement. (Doc. # 4 therein). The Court certified that any appeal would not be taken in good faith, *see id.*, and Freeman did not seek a certificate of appealability.

Undeterred, in July 2024 Freeman asserted this very same claim in a § 2241 habeas corpus petition he filed in West Virginia.  *See Freeman v. Warden Ray*, No. 3: 24-CV-80-RWT (N.D. W.Va. 2024) (Doc. # 1 therein).  That petition remains pending.  In October 2024, Freeman filed a second § 2241 petition in the same court asserting the same claim.  *See Freeman v. Warden Ray*, No. 5: 24-CV-203-JPB-JPM (N.D. W.Va. 2024) (Doc. # 1 therein).  That Court summarily dismissed Freeman's second petition, concluding that Freeman's claim was not cognizable in a § 2241 petition given the ready availability of a remedy under § 2255.  *See* (Doc. # 4 therein (*citing Jones v. Hendrix*, 599 U.S. 465 (2023)).  Freeman did not appeal.

Freeman's present § 2241 petition represents his fourth effort to challenge "the constitutionality of the U.S. Congress proscribing marijuana as a dangerous, hazardous substance, a drug crime, to cause petitioner's detention."  (Doc. # 1 at 2). That claim must be dismissed for several reasons.

First, in his plea agreement Freeman waived his right to collaterally attack his conviction.  *See Freeman*, No. 2:20-CR-21069-SHL-1 at (Doc. # 45).  Such waivers are enforceable and apply to proceedings under § 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable."), *cert. denied*, 139 S. Ct. (2019).  Freeman bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to collaterally attack his conviction.  He is therefore barred from challenging his conviction in this proceeding.  *Cf. Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*,

No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Second, the Supreme Court has long directed the lower federal courts to avoid duplicative litigation where possible. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Freeman has already asserted his claims in an earlier-filed § 2241 proceeding, Case No. 24-CV-80-RWT, which remains pending. Dismissal of this later filed proceeding is warranted under the "first-to-file" rule. Under this principle, "... when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (cleaned up); *see also Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule applies where (1) another action was filed before the present case; (2) the cases involve substantially the same parties; and (3) the cases involve substantially the same issues or claims. If these conditions are satisfied, the subsequent action may be dismissed in deference to the first-filed case unless the Court finds that the first case was filed in a manner involving "inequitable conduct, bad faith, anticipatory suits, [or] forum shopping." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F. 3d 535, 551 (6th Cir. 2007). The necessary criteria are all satisfied in this case. Because Freeman's claims are already pending in the suit he filed previously, the Court will follow "the rule of thumb that the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997).

4

Third, even if the foregoing were not true, Freeman's claim would plainly not be cognizable in a § 2241 petition.  As both his sentencing court and the habeas court in West Virginia have already explained to him, Freeman was required to bring his challenge to the constitutionality of the statute of his conviction at either the trial court level or on direct appeal.  Because those avenues for relief were available to him, relief under § 2241 is not.  *See Jones v. Hendrix*, 599 U.S. 465, 478-79 (2023); *Miller v. United States*, No. 23-3229, 2023 WL 6130301, at *2 (6th Cir. Aug. 9, 2023) (noting that "the Supreme Court has recently clarified that the saving clause applies only 'where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court.'").

The Court will also certify that any appeal would not be taken in good faith because reasonable jurists could not differ in concluding that Freeman's petition must be dismissed.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Therefore, should Freeman appeal in this case, the Court will deny any motion to proceed *in forma pauperis*. Of course, the Sixth Circuit could disagree and grant *pauper* status.  But if it does not, this Court will order the BOP to deduct the full amount of the $605.00 appellate filing fee from Freeman's inmate account.

Accordingly, it is **ORDERED** as follows:

1.    Freeman's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

2.    This action is **STRICKEN** from the Court's docket.

3.    The Court **CERTIFIES** that any appeal would not be taken in good faith.

This 10th day of April, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Freeman 0-25-041 Memorandum.docx